UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------x
                                    :
HENRIETTA PINCKNEY,                 :
                                    :
                Plaintiff,          :
                                    :
                                    :          05 Cv. 5652 (BSJ)
        v.                          :
                                    :
                                    :              **Order**
JO ANNE B. BARNHART,                :
Commissioner of Social Security,    :
                                    :
                Defendant.          :
------------------------------------x
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

        Plaintiff Henrietta Pinckney ("Pinckney") brings this

action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the Commissioner of Social Security's determination that she was

not eligible for Supplemental Security Income ("SSI") benefits

based on disability.  Defendant, the Commissioner of Social

Security ("the Commissioner"), has moved for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure.  Plaintiff has cross-moved for judgment on the

pleadings.

        This matter was referred to Magistrate Judge Theodore H.

Katz for a Report and Recommendation ("R&R") in accordance with

28 U.S.C. § 636(b)(1)(B) and (C).  In his R&R dated October 10,

2006, the Magistrate Judge recommended that the Commissioner's

1

decision denying Plaintiff's disability claim be reversed and
remanded for the calculation of benefits.

The Commissioner timely filed objections to the R&R,
arguing that (1) the Administrative Law Judge ("ALJ") properly
found that Plaintiff's past relevant work was as a hospital
admitting clerk and that this work was sedentary; and (2) if the
Court does reverse the Commissioner's decision, the matter
should be remanded to the ALJ for the review of evidence
obtained after the ALJ's initial decision.

## Discussion

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de
novo any portions of a magistrate judge's R&R to which a party
objects.  Other portions of the report will be adopted by the
Court unless they are clearly erroneous.  See Fed. R. Civ. P.
72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI
Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997).  Parties
filing objections are required to "'pinpoint' specific portions
of the report to which [they have] objected . . . ." Camardo v.
General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp.
380, 382 (W.D.N.Y. 1992).

2

## A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." If the ALJ has applied proper legal principles, "judicial review is limited to an assessment of whether the findings of fact are supported by substantial evidence; if they are supported by such evidence, they are conclusive." Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980). Sufficient substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotations omitted).

It is the ALJ's duty to "resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Carroll v. Secretary of Health and Human Services, 705 F.2d 638, 642 (2d Cir. 1982). In determining whether the Commissioner's decision is supported by substantial evidence, the Court reviews the entire administrative record. See Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996). This review includes "examining evidence from both sides because an analysis of the substantiality of the evidence must also include that which

3

detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). See also Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999).

"Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) (internal quotations omitted). The Court's review of a crabbed reading of the record by the ALJ is guided by the principle that "[t]he Social Security Act is a remedial statute which must be liberally applied; its intent is inclusion rather than exclusion." Vargas v. Sullivan, 898 F.2d 293, 296 (2d Cir. 1990) (internal quotations omitted).

The Court may reverse the Commissioner's finding and award benefits only if applying "the correct legal standard could lead to only one conclusion." Schaal, 134 F.3d at 504. The Court may order the payment of benefits when "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker, 626 F.2d at 235.

## B. Past Relevant Work Description and Level

4

The Magistrate Judge found that the ALJ, in determining Plaintiff's past relevant work experience, improperly relied on a Dictionary of Occupational Titles ("DOT") generic occupational classification, and seized upon only a subset of Plaintiff's former job duties given during testimony, which together constitute a failure to apply the proper legal standard. Plaintiff's testimony, the Magistrate Judge found, may well describe a job that more closely matches the position of "transporter, patient" which has a moderate activity level, not "hospital admitting clerk," which has a sedentary work level.

Defendant claims that "hospital admitting clerk" was the appropriate past relevant work experience for the following reasons:  (1) The job title "hospital admitting clerk" is not generic in the sense of the examples given in Social Security Ruling ("SSR") 82-61, "delivery job," and "packaging job," which are more broad; (2) Plaintiff described her own job in testimony as "hospital admitting representative" and mentioned some of the duties listed in the DOT; (3) Of the two job descriptions -- Hospital Admitting Clerk and Patient Transporter – the DOT job code for admitting clerk included both clerical duties and the task of escorting patients, whereas the DOT code for Patient Transporter omits entirely many of Plaintiff's clerical duties; (4) the applicable standard for past relevant work experience is the job as it is performed in the national economy, not the

5

Plaintiff's past work, even if Plaintiff's particular job involved excessive functional demands.

Under SSR 82-61, "[f]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable." Social Security Ruling 82-61, 1982 WL 31387 (S.S.A. 1982). Of the various available sources of evidence, "the [claimant] is the primary source for vocational documentation, and statements by the [claimant] regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." Guadalupe v. Barnhart, No. 04 CV 7644 HB, 2005 WL 2033380, at *5 (S.D.N.Y. Aug. 24, 2005) (quoting Social Security Ruling 82-62, 1982 WL 31386 (S.S.A. 1982)). Composite jobs which "have significant elements of two or more occupations and, as such, have no counterpart in the DOT," should be "evaluated according to the particular facts of each individual case." SSR 82-61. Relying only on a subset of a claimant's job duties to describe past relevant work is improper. See French v. Apfel, 62 F. Supp. 2d 659, 664 (N.D.N.Y. 1999).

The ALJ's classification of Plaintiff's job as "hospital admitting clerk" performed at the sedentary level failed to consider the claimant as the primary source for vocational documentation. Whether or not the DOT description was

6

"generic," the ALJ relied on this label instead of Plaintiff's complete testimony.  Plaintiff's use of the phrase "admitting representative" during testimony is only part of the evidence and does not authorize discounting the rest of her testimony, including the duties Plaintiff mentioned that do not fall under this label.  According to Plaintiff's uncontradicted testimony, transporting and lifting patients constituted the preponderance of her work activity -- five out of eight hours daily -- and entailed an exertion level beyond sedentary.  (Tr. 34.)

In hewing to the standard of the work as performed in the national economy, Defendant assumed that those aspects of Plaintiff's job that fell outside the DOT description for hospital admitting clerk constitute excessive functional demands rather than essential job functions, even though, according to uncontradicted testimony, they made up the preponderance of Plaintiff's daily work.  Rather than considering the entirety of Plaintiff's job duties described in testimony, the ALJ accepted the DOT description of "hospital admitting clerk" and then found extraneous those aspects of Plaintiff's testimony that fell outside it.  In so weighing Plaintiff's testimony, the ALJ used the DOT as a primary, rather than corroborative, determinant and Plaintiff's testimony as a corroborative rather than primary source.  Accordingly, this Court finds the ALJ's classification

7

of Plaintiff's past relevant work experience constitutes a
misapplication of the legal standard.

## C.   Plaintiff's Ability to Perform Sedentary Work

### 1.   The ALJ's Rejection of the Treating Physician's Opinion

The ALJ denied Dr. Selassie's opinion controlling weight,
pursuant to 20 C.F.R. §404.1527(d)(2), on the grounds that the
physician's findings were internally inconsistent and
unsupported by objective evidence.   The magistrate judge found
that the ALJ's decision to deny controlling weight to the
opinion of the treating source, Dr. Selassie, was erroneous
because it was not supported by substantial evidence.

First, the ALJ found Dr. Selassie's note that "patient
finds sitting makes pain better" inconsistent with notes in the
same report that prolonged sitting or standing precipitated
pain, and that Plaintiff could sit no more than one hour each
day.   Second, the ALJ found inconsistent Dr. Selassie's finding
that Plaintiff had no limitations in "grasping, turning,
twisting objects or using her fingers and hands for fine
manipulations" but did have limitations doing "repetitive
reaching, handling, fingering, or lifting" because repetitive
and individual actions are different.   Third, the ALJ cited Dr.
Patel's finding that Plaintiff could "walk on her heels and
toes," and "had no difficulty rising from a chair or the

8

examination table" and "had no trouble sitting" as contradicting
Dr. Selassie's determinations.  Fourth, Defendant describes as
inconsistent with disability Dr. Selassie's evaluation of
Plaintiff's strength during several visits as 5/5.

     The ALJ's various findings of inconsistency, listed above,
have in common the failure to distinguish discrete from
repetitive or prolonged actions.  If sitting down can relieve
pain, it does not necessarily follow that prolonged sitting
would be comfortable.  Defendant argues but offers no evidence
that Dr. Selassie's report that Plaintiff has "no limitations"
grasping, turning, or twisting objects would normally have noted
difficulties with repetitive actions if they existed.  Without
this assumption, the Plaintiff's ability to perform certain
actions singularly but not repetitively does not constitute an
inconsistent assessment.  While Dr. Patel found Plaintiff able
to perform certain actions, the overall assessment, as opposed
to the discrete observations listed by the ALJ as creating
inconsistency, show Plaintiff to have physical limitations that
will prevent her from working, in accordance with Dr. Selassie's
assessment.  Similarly, that Plaintiff displayed strength of 5/5
on some visits is consistent with someone able to perform
isolated, but not repetitive or sustained, actions.  Moreover,
Plaintiff's isolated capacities are all consistent with Dr.
Selassie's prediction that Plaintiff would have "good days" and

9

"bad days."  Absent the ALJ's collapse of the distinction
between single motions and repetitive or sustained actions, the
record does not show internal inconsistencies that would warrant
denying controlling weight to the treating physician's opinion.

By denying controlling weight to the treating physician's
assessment on the basis of the above findings of inconsistency,
the ALJ failed to consider the full extent of the record.
Accordingly, this Court finds that the ALJ's decision was not
supported by substantial evidence.

### 2. Plaintiff's Subjective Complaints of Pain

The Magistrate Judge found that the Plaintiff's testimony
was in fact consistent with the treating source's findings and
that the ALJ erred by focusing on Plaintiff's physical
impairments rather than her limitations due to pain.  In doing
so, the magistrate judge found that the ALJ improperly
substituted her own judgment for that of the treating physician.
See Doyle v. Apfel, 105 F. Supp. 2d 115, 121 (E.D.N.Y. 2000).

Defendant argues that pursuant to 20 C.F.R. §
404.1529, the ALJ correctly evaluated the Plaintiff's subjective
pain in relation to objective medical findings and other
evidence, such as the reports of Doctors Patel, Lee, and
Selassie.  Defendant argues that (1) Dr. Lee found only minimal
pain at the end ranges of Plaintiff's motion and Dr. Patel found
only slightly restricted ranges of motion; (2) the ALJ's

10

discounting of Plaintiff's reported fatigue in response to
medication was supported by Plaintiff's ability to take short
walks, do some chores, and occasionally attend church, and that
the medication problem had not been mentioned by Doctor Lee.

"[T]he subjective element of pain is an important factor to
be considered in determining disability." Mimms v. Heckler, 750
F.2d 180, 185-86 (2d Cir. 1984).  Subjective pain may establish
disability even in the absence of "positive clinical findings or
other 'objective' medical evidence." Donato v. Sec'y of Dep't
of Health and Human Servs., 721 F.2d 414, 418-19 (2d Cir. 1983)
(quoting Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)).
The presence of subjective pain can support a finding of
disability when "medical signs and laboratory findings . . .
show that the claimant has a medical impairment(s) which could
reasonably be expected to produce the pain." Snell v. Apfel,
177 F.3d 128, 135 (2d Cir. 1999) (quoting 20 C.F.R. §
404.1529(a)).

As with the physicians' reports, the inconsistencies the
ALJ found between Plaintiff's subjective symptoms and the
objective medical findings are reconcilable.  That Plaintiff can
take short walks and with effort do some chores is consistent
with fatigue.  Pain and limited range of motion are consistent
with the inability to do repetitive or prolonged tasks that can
be executed in isolation.  Rather than using Plaintiff's

11

subjective symptoms to supplement the objective medical
evidence, the ALJ discounted whatever subjective symptoms
differed from Plaintiff's direct physical impairments.  The ALJ
also impermissibly substituted her own medical judgment for that
of the physicians, deciding, for example, that if Plaintiff is
drowsy, her medications could be adjusted or changed,
concluding, "I find no medical need to sleep all day."  (R. 15).
In discounting the effects of Plaintiff's subjective symptoms
such as pain and drowsiness, the ALJ substituted her own
judgment for that of the physicians.  Accordingly, the ALJ
failed to apply the appropriate legal standard.


**D. Post-Remand Action**

The magistrate judge found that this case should be
remanded solely for the calculation of benefits on the grounds
that remand for further review of evidence by the ALJ would
serve no useful purpose.  According to the Magistrate Judge,
further development of the record would not change the outcome
because the ALJ's errors were caused not by an incomplete
record, but rather by the misapplication of the legal standards
to the existing record such that a conclusion contrary to
substantial evidence was reached.

Defendant responds that allowing the ALJ to review evidence
submitted after the 2004 judgment would allow the ALJ to

12

complete step five of the disability analysis pursuant to 20
C.F.R. §404.1520.

The court may remand solely for calculation of benefits
when "the record provides persuasive proof of disability and a
remand for further evidentiary proceedings would serve no
purpose," Arroyo v. Callahan, 973 F. Supp. 397, 400 (S.D.N.Y.
1997), or when "application of the correct legal standard could
lead to only one conclusion," Schaal, 134 F.3d at 504 (internal
quotations omitted).  Also relevant is the amount of time that
has elapsed since the claimant's application for benefits.
Balsamo, 142 F.3d at 82 (four years claimant had waited and the
prospect of further delay taken into account in remanding solely
for calculation of benefits); Rivera v. Sullivan, 923 F.2d 964
(2d Cir. 1991) (length of the litigation is taken into account
in the decision to remand solely for the calculation of
benefits); Yoxall v. Apfel, No. 3:99-CV-656 SRU, 2001 WL 539608,
at *21 (D. Conn. Mar. 30, 2001) (decision to remand solely for
calculation of benefits took into account that over four years
had passed since Plaintiff's application for benefits); Carroll
v. Sec'y of Health and Human Servs., 705 F.2d 638, 644 (2d Cir.
1983) (case remanded solely for calculation of benefits where
claimant had waited four years since applying for benefits, in
order to "foreshorten the often painfully slow process by which
disability determinations are made").  And another factor to be

13

considered is the extent to which the ALJ interpreted largely
coherent aspects of the physician's assessment as
inconsistencies, allowing the denial of controlling weight to
the treating physician's opinion.  Vargas, 898 F.2d at 296
(court's decision to remand solely for the calculation of
benefits noted the "grudging manner" with which the ALJ "ignored
or misinterpreted" the physician's report).

Based on the findings of Plaintiff's treating specialist,
Plaintiff is unable to sit for more than one hour or stand/walk
for more than an hour, and every ten to fifteen minutes must get
up and move around for fifteen to thirty minutes.  That
Plaintiff's symptoms make it difficult to concentrate and remain
sedentary and will make her absent from work more than three
times a month is uncontradicted.  Additionally, the ALJ at times
relied upon an incomplete and inaccurate depiction of the record
to support her conclusions.  For example, the ALJ supported her
decision by noting that while Plaintiff "stated that she needed
a cane to walk . . ., Dr. Patel reported that she was able to
walk on her heels and toes."  (R. 15.)  The ALJ neglected to
mention Dr. Patel's accompanying statement that Plantiff's gait
"is antalgic" and that she "limps on her right side."  (R. 75.)
Applying the proper legal standard to all the evidence in the
record, considering the treating physician's opinion as
controlling, and in light of Plaintiff's age and education,

14

these conditions strongly support the conclusion that Plaintiff
cannot perform any sedentary work available in the national
economy.  It has been more than five years since Plaintiff
applied for SSI disability benefits.  Critically, Defendant
points to no specific portions of the record requiring further
development and offers no evidence that review of the record
will serve any useful purpose.  Accordingly, the Court finds
that the record amply demonstrates that a remand to further
develop the evidentiary record would serve no purpose and that
it is therefore appropriate to remand solely for the calculation
of benefits.

### Conclusion

For the aforementioned reasons, the Court agrees with the
magistrate judge that (1) the ALJ failed to apply the correct
legal standard in determining the Plaintiff's past relevant job
description and activity level; and (2) the ALJ's decision to
deny controlling weight to Dr. Selassie's opinion is not
supported by substantial evidence.  Dr. Selassie's opinion, once
given controlling weight, precludes a finding based on
substantial evidence that the Plaintiff could perform a full
range of sedentary work in the national economy.  Accordingly,
the Court finds erroneous the ALJ's classification of Plaintiff
as "not disabled" and adopts the Magistrate Judge's R&R.  This
matter is remanded to the ALJ for the calculation of benefits.

15

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE


Dated:    New York, New York
          October 5, 2007

16